ORIGINAL

# In the United States Court of Federal Claims

No. 13-69C
(Filed July 31, 2013)
NOT FOR PUBLICATION

FILED

JUL 3 1 2013

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                               *
                                               *
WILLIAM OSCAR HARRIS,                          *
                                               *
              Plaintiff,                       *
                                               *
       v.                                      *
                                               *
THE UNITED STATES,                             *
                                               *
              Defendant.                       *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

This matter, filed by a *pro se* litigant, purports to be a breach of contract action. Plaintiff, William Oscar Harris, alleges that he entered into a contract with then-Treasury Secretary Timothy Geithner ("the Secretary"), which the Secretary breached. The government has moved to dismiss this complaint, under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), for lack of subject-matter jurisdiction. *See* Def.'s Mot. to Dismiss ("Def.'s Mot.") at 4-6. For the reasons that follow, the government's motion is **GRANTED**.

### I. BACKGROUND

Plaintiff mailed to the Secretary a signed document entitled an "Assignment of Fiduciary" ("Assignment") on November 23, 2012. Compl. at 5. The document purports to assign Mr. Geithner as the fiduciary of an "International Bill of Exchange . . . in the amount of $13,000,000 USD." *Id.* By its terms, the Assignment required the Secretary to, "within 31 Business days, after receipt hereof . . . cause Payee to either forward this to the Drawer a Statement of Account indicating settlement/discharge adjustments have been made or dishonor of the instrument with sufficient cause." *Id.*

After the Secretary failed to respond within the time allowed under the Assignment, plaintiff sent a document entitled "Notice of Default/Breach of Fiduciary Duty" ("Notice") to Mr. Geithner. Compl. ¶ 8. The Notice gave the

Secretary seventy-two hours to "return the proceeds of the financial instrument" tendered with the Assignment. *Id.* at 13. Mister Geithner did not so tender. *See id.* ¶ 10. On January 28, 2013, plaintiff filed the present complaint in this Court. *See id.*[1] He alleges that defendant breached an express contract and seeks monetary damages of $13,000,000.[2] *Id.* ¶¶ 3, 8, 15. The government's motion has been fully briefed. The Court has determined that oral argument was unnecessary to resolve this motion.

## II. DISCUSSION

Under RCFC 12(b)(1), claims brought before this Court must be dismissed when it is shown that the Court lacks jurisdiction over their subject matter. When considering a motion to dismiss for lack of subject-matter jurisdiction, the Court will normally accept as true all factual allegations made by the pleader and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (requiring that on a motion to dismiss for lack of subject-matter jurisdiction the court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012). While *pro se* plaintiffs' filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside our jurisdiction from being dismissed. *See, e.g., Henke v. United States,* 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction bears the burden of establishing it, and must ultimately do so by a preponderance of the evidence. *See McNutt v. GMAC*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

This Court's jurisdiction over the area of contract claims is established by various provisions of the Tucker Act, including 28 U.S.C. § 1491(a)(1), which extends jurisdiction over express or implied contracts entered into with the government. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343-1344 (Fed. Cir. 2008). But "[t]he Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that

---

[1] Along with the complaint, plaintiff filed, without any explanation (other than that the individuals "have an interest in these proceedings"), the names and addresses of two individuals to whom he wanted the Clerk's office to send copies of papers filed in this case. In light of the disposition of this case, and plaintiff's failure to explain the third parties' interest, the Court **DENIES** this request.

[2] On March 4, 2013, plaintiff filed an amended complaint naming the United States as defendant in this case. *See* Pl.'s Am. Compl.

creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citations omitted). "In determining whether the Court of Federal Claims has jurisdiction, all that is required is a determination that the claim is founded upon a money-mandating source and the plaintiff has made a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source." *Jan's Helicopter Service v. Federal Aviation Administration*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). A contract which entitles a party to money damages in the event of a breach is such a money-mandating source. *See Rick's Mushroom*, 521 F.3d at 1343-1344.

Defendant argues that plaintiff has made only frivolous allegations of a contract and that such allegations are insufficient to support subject-matter jurisdiction.[3] Def.'s Mot. at 4-6. Plaintiff, for his part, does not seem to disagree with the government on the merits of this argument, but rather contends that the government has admitted the existence of a contract by failing to properly respond to his requests for admissions. Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") at 1-4.

The government is correct that the plaintiff's claim must be dismissed as frivolous and not within our subject-matter jurisdiction. A party does not place a matter within our jurisdiction by simply calling something a contract which does not meet the legal definition of one. The Federal Circuit has established "that insubstantial allegations as to the existence of a money-mandating contract will warrant dismissal for lack of subject matter jurisdiction." *Tp. of Saddle Brook v. United States*, 104 Fed. Cl. 101, 110 (2012) (citing *Rick's Mushroom*, 521 F.3d at 1343-44; *Ridge Runner Forestry v. Sec'y of Agric.*, 297 F.3d 1058, 1060 (Fed. Cir. 2002)).

Assuming all of plaintiff's factual allegations to be true, these boil down to the fact that he sent documents to the Secretary, which the latter (appropriately and understandably) ignored. This fails to establish subject-matter jurisdiction, as plaintiff neglects two necessary elements of a contract. First, plaintiff has failed to plead acceptance. Mister Harris claims that by failing to respond to Mr. Harris' offer to contract in the time allotted for rejection, the Secretary thereby accepted the contract. Compl. ¶¶ 6-7. Acceptance by silence requires special circumstances which are not present in this case. *Radioptics, Inc. v. United States*, 621 F.2d 1113, 1121 (Ct. Cl. 1980)) (noting that "Silence may not be construed as an acceptance of an offer in the absence of special circumstances existing prior to the submission of the offer which would reasonably lead the offeror to conclude otherwise."). Second,

---

[3] The government also argues, on the same grounds, that plaintiff has failed to state a claim for which relief can be granted. Def.'s Mot. at 6-9. Because the Court determines that it lacks subject-matter jurisdiction, defendant's motion in the alternative is **DENIED-AS-MOOT.**

plaintiff has failed to plead consideration. Nowhere in his complaint does he claim that he has agreed to some "act, forbearance, or return promise" which he made to the government; such a promise is required for a valid contract. *See Carter v. United States*, 102 Fed. Cl. 61, 67 (2011). Rather, Mr. Harris simply asserts that he sent the Secretary a document purporting to appoint him as the "trustee" of an "International Bill of Exchange." Compl. at 5. Plaintiff does not dispute his failure to plead these elements of a contract. *See* Pl.'s Resp. In sum, plaintiff's claim must be dismissed on the grounds that the Court lacks subject-matter jurisdiction, because even accepting all of the factual allegations as true, plaintiff has not pled the existence of a contract.

Before disposing of this matter entirely, the Court will briefly address plaintiff's argument that the government has admitted the existence of a contract. On May 10, 2013, Mr. Harris submitted some requests for admissions to the government. Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss ("Def.'s Reply") at 3.[4] The government, possibly erroneously, responded that it was not obligated to respond to those requests until the early meeting of counsel required under paragraph 3 of RCFC Appendix A.[5] *Id.*; *see also* Pl.'s Resp. at 10. Plaintiff argues that by failing to respond in a timely and proper manner, the government is deemed to have responded affirmatively to all of his requests for admissions. Pl.'s Resp. at 1-4. As the government points out in reply, however, the plaintiff is incorrect about the consequences of an improper objection. Def.'s Reply at 6. If plaintiff believed that the government's response was inadequate, the proper course of action would have been to file a motion contesting the sufficiency of the answer under RCFC 36(a)(6).[6] The government's failure to address the substance of the propounded requests for admission cannot serve as the basis for our court's subject-matter jurisdiction.

---

[4] The Court notes that these requests were served well after the initial deadline for responding to the government's motion to dismiss, during a period of enlargement that was requested (and granted) based on plaintiff's reduced access to his case files and the legal library while he was placed in a special housing unit. *See* Request for Enlargement at 2; Order (Apr. 16, 2013). The purpose of the enlargement was not to provide Mr. Harris the occasion to conduct discovery which has no relevance to an RCFC 12(b)(1) motion.

[5] In its reply, the government does not appear to dispute plaintiff's contention that, as a *pro se* prisoner in the custody of the United States, he is exempt from the restriction on discovery under RCFC 26(a)(1)(B)(iv). *See* Def.'s Reply at 3-6.

[6] In any event, the parties cannot stipulate the existence of a contract to confer jurisdiction on our court which we would otherwise lack. *See S. Cal. Federal Sav. & Loan Ass'n. v. United States*, 422 F.3d 1319, 1328 n.3 (Fed. Cir. 2005).

### III. CONCLUSION

For the reasons stated above, the government's motion to dismiss this case for lack of subject-matter jurisdiction is **GRANTED**. The Clerk shall close the case.[7]

**IT IS SO ORDERED.**

*[signature]*
VICTOR J. WOLSKI
Judge

---

[7] Despite the frivolity of this case, the government did not file an opposition to plaintiff's application to proceed *in forma pauperis,* and the Court as a consequence hereby **GRANTS** the application.